THE BRANCH OF THE BANK OF THE STATE OF ALABAMA AT
MONTGOMERY *versus* HARRISON.

The notice authorised by the 9th section of the act of incorporation of the
Branch of the Bank of the State of Alabama at Montgomery, to a maker or
indorser of a bill or note, need not be under the corporation seal.

The summary proceeding authorised against the debtors of such Bank, though
different from the Common Law course, is yet remedial in its character, and
if substantially pursued will not be defeated by mere technicalities.

This was a motion in the Circuit Court of Montgomery by the plaintiff in error against the defendant, on a bill of exchange. It was objected that the notice should have been under the corporate seal of the Bank, and that it was otherwise insufficient. The Court below quashed the notice, and the cause was brought into this Court by writ of error.

By Mr. Justice THORNTON :

This was a proceeding in the Circuit Court of Montgomery, under the 9th section of the act incorporating and establishing the Branch of the Bank of the State at that place. The notice was quashed, and judgment entered for the defendant, which is assigned as error. The object of the section, which gives the remedy here pursued, was a substitution of the President of the institution, for an attorney, who otherwise would have been required to be appointed, according to the peculiar mode of action by a corporation. The President for the time being, who is a public officer, is made, as to the mere mode of instituting legal proceedings in behalf of, or against the Bank, the medium of action ; thereby superseding the necessity of all those technical means, required by the Common Law, in the conduct of such litigation. Al-

though this provision of the act of incorporation provides a summary remedy, different from the Common Law course, yet is it also remedial in its character, and if substantially pursued, should not be defeated by scholastic criticism. The clause in the charter, after describing the cause of action, as one in favor of the Bank, &c., proceeds thus, "it shall be lawful for the President thereof, after having given thirty days notice to the maker, or endorser, as the case may be, to move the Circuit Court of the county in which said Branch Bank may be established, on producing to said Court, before whom the motion is made, the certificate of the President thereof, that the debt is really and *bona fide* the property of the Branch of the Bank of the State of Alabama, for judgment; and the Court shall proceed to render judgment accordingly." The notice in this case conforms literally with the act. It is given by the President as such, notifying the defendant, that he will move for judgment, on a bill of exchange, which he avers is due to, and owned by the said Branch Bank. The office of the notice is to inform the party of such matter, as will enable him to make defence against the motion. Here the cause of action is particularly set forth; the property alleged to be in the Bank, and the time, and place of moving, distinctly averred. The objections urged in this case, are, that the notice does not say expressly, in whose favor the motion will be made, and that it is not under the corporate seal. When we consider, that the act required to be done by the President, that is, giving the notice, is not the act of the corporation, but of its officer; and is not by virtue of an authority, derived either mediately, or immediately from the corporation, it will readily appear, that the authenticity

of its seal is not requisite. And as for the other ob-jection, if, by necessary legal implication any fact, is apparent in the notice, which it is important to the defendant to know, I would consider it sufficient. Could any one fail to know, under this notice, in whose favor the judgment sought against him, should be rendered? The judgment is the act of the Court, and is nothing more than the legal result, from the facts disclosed in the notice, and the act of incorpora-tion. If the charter had expressly directed the judg-ment, to be rendered in favor of the President, it should be so entered; but in the absence of such a direction, it would surely be a palpable error, to render judgment, except for him, in whom the right is. I think the notice in this case is a substantial compli-ance with the act; that it gives sufficient information of every matter necessary to the defence, and would have authorised the hearing of the motion for a judg-ment.

Let the judgment be reversed, and the cause re-manded.